PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

**FILED**

NOV 0 5 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE <u>Western</u>  DISTRICT OF TEXAS
<u>San Antonio</u>  **DIVISION**

Alfred West, Jr.  SO# 2435203
Plaintiff's Name and ID Number

Guadalupe County Adult Detention Center
Place of Confinement

CASE NO. <u>5:25-CV-01141-XR</u>
(Clerk will assign the number)

v.

211 W. Court St.
Seguin, Texas 78155

Guadalupe County, Texas
Defendant's Name and Address

Sheriff Joshua Ray   2617 N. Guadalupe St.
Seguin, Texas 78155
Defendant's Name and Address

RMA Lupe Perez  • RMA Nurse employee at Guadalupe
• County Adult Detention Center, in
Defendant's Name and Address   Guadalupe County, Texas
( DO NOT USE "ET AL.")

Amended

Complaint

(cont.)

## · INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

"Amended Complaint"

case No. 5:25-CV-01141-XR

cont. from (pg. 1)

Alfred West, Jr. So# 2435203
Guadalupe County Adult Detention Center

V.

Officer Thomas : Tall, Male, white, Detention officer at Guadalupe
: County Adult Detention Center, in Guadalupe County, Texas
Defendant's Name and address

Sgt. Johnson : Short, female, white, Sgt. at Guadalupe County
: Adult Detention Center, in Guadalupe County, Texas
Defendant's Name and address.

Sgt. Robles : chubby, male, sgt. at Guadalupe County Adult Detention
: Center, in Guadalupe County, Texas
Defendant's Name and Address

Sgt. Lerma : Tall, male, grievance Sgt. at Guadalupe County Adult Detention
: Center, in Guadalupe County, Texas
Defendant's name and Address

Core Health Services : Contract medical provider for Guadalupe County
: Adult Detention Center, In Guadalupe County Texas
Defendant's Name and Address

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: 9·8·2025

        2. Parties to previous lawsuit:

            Plaintiff(s) Alfred West, Jr.

            Defendant(s) Harris County, Texas

        3. Court: (If federal, name the district; if state, name the county.) U.S. Southern District, Houston Division

        4. Cause number: 4:25-cv-04280

        5. Name of judge to whom case was assigned: SR. Judge Sim Lake

        6. Disposition: (Was the case dismissed, appealed, still pending?) Still pending

        7. Approximate date of disposition: N/A still pending

II.    PLACE OF PRESENT CONFINEMENT: Guadalupe County Adult Detention Center

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Alfred West, Jr. SO#24385203
Guadalupe County Adult Detention Center
2615 N. Guadalupe St. Seguin, Texas 78155

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Guadalupe County, Texas  211 W. Court St.
Seguin, Texas 78155

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>policy/s</u> of excessive use of force; failure to train; failure to provide medical care; understaffing

Defendant #2: Sheriff Joshua Ray. of Guadalupe County, Texas. IN his
individual and official capacity. As Sheriff of Guadalupe County, Texas

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>deliberate Indifference;</u> failure to implement; failure to train; failure to provide adequate medical car

Defendant #3: Sgt. Johnson. Short, female, Sgt. of Guadalupe County Adult
Detention Center. In her official and individual capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>deliberate indifference;</u> retaliation/harrassment; cruel unusual punishment; and intentional Infiction of Emoti Distre

Defendant #4: Officer Thomas. about 6'2 in height, Male, slim, Detention officer, of
Guadalupe County Adult Detention Center. In his official and Individual Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>excessive use of force;</u> cruel and unusual punishment; assault and battery; deprivation of phone usage

Defendant #5: RMA Lupe Perez. Short, female, RMA Nurse, of Guadalupe County Adult
Detention Center. In her Individual and official Capacity

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

<u>denial</u> and Refusal of medical care; cruel and unusual punishment; improper use of violent cell; deliberate indiffer
Intentional Infliction of Emotional Distress; failure to monitor; negligence; Breach of
Duty; Intentional wanton misconduct

(cont.)

3

"Amended complaint"

Case # 5:25-cv-01141-XR

cont. from (pg. 3)

IV. Parties to this Suit: cont. from (pg. 3)

Defendant #6: Sgt. Robles: chubby, male, Sgt. at Guadalupe Adult Detention Center in Guadalupe County, Texas. act(s) or omission(s) of this defendant which harmed me: Cruel and unusual punishment; deliberate Indifference; conditions of confinement and/or episodic act; denial of medical care; improper use of violent cell; deprivation of basic needs; Intentional infliction of emotional distress; Breach of duty; Perjury; Aggravated Perjury. In his individual and Official Capacity.

Defendant #7: Sgt. Leama: Tall, male, grievance Sgt. at Guadalupe County Adult Detention Center, in Guadalupe County, Texas. act(s) or omission(s) of this Defendant which harmed me: Denial of access to Courts; Perjury; interfering with grievance procedure; failure to proper investigate; Aggravated Perjury. In his Individual and Official Capacity.

Defendant #8: CORR health Services: health care provider in Contract with and/for Guadalupe County Adult Detention Center, in Guadalupe County, Texas. act(s) or omission(s) of this Defendant which harmed me: Deliberate Indifference; failure to provide adequate medical care; failure to Implement; Breach of Duty; conditions of confinement and/or episodic act; failure to train.

V. **STATEMENT OF CLAIM:**  Amended Complaint

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Due to Guadalupe County, Texas conditions of confinements and/or episodic Acts of: Medical Malpractice; Negligence; and Gross negligence; and Breach of Duty; failure to Warn; failure to Act; and failure to Implement; failure to train/and/or Supervise, All duties devie and owed, under the 14th Amendments To provide basic needs and medical care and protection from harm. These acts and omissions caused me to be exposed to A Pandemic disease, which lead to I contracting Covid 19, while in pretrial detention. Which denied and violated my Eight Amendment Right to be free from cruel and unusual punishment and wanton inflictions. Facts In (cont.)

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

#0 Compensatory damage of ($750,000.00) and monetary damages of ($1,000,000.00) and damages of ($500,000.00) from RMA Lupe Perez; (cont.)

VII. **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Alfred West, JR.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

1868312, 02563768, Can't vividly, Remember others

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A

2. Case number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? ____YES ✓NO

4

"Amended Complaint"
Case # 5:25-CV-01141-XR

Cont. from (pg. 4) (pg. 4-1 of 19)
II. Statement of Claim:
Support: (1) Acts and omissions of Guadalupe County facility and failures, caused I to be exposed to Covid-19 and these acts and omissions lead to I contracting, the life threatening, Covid-19 disease. In which, I contracted while in Guadalupe County Adult Detention Center, as a pretrial detainee, on 8.3.2025, from any person within the Jail. Due to the lax and failures to warn, failures to Implement, and failure to Act, as guidelines, and standards of preventions, promulgated by the CDC. Failures to properly enforce masking, social distancing and exclusions of persons working at Guadalupe County Jail having Covid 19 symptoms, and proper quarantine and treatment procedures of any persons with symptoms and/or whom have tested positive, resulted in Guadalupe County, acts and omissions being the contributing cause of I contracting and testing positive for the life threatening disease (Covid 19). But for which, In fact, I wouldn't have contracted when I did. I have never tested positive ever before. I wash my hands frequently. I clean frequently. I'm in a Isolated cell and have been since June 5th, 2025 and currently. My possible direct infection vector maybe, particularly, was Nurse Mary, (In which she is not a defendant because she was only acting under state law and the lax culture of masking, social distancing and using devices/equipment without confirming cleanliness and warnings.) as a Nurse of Guadalupe County. She is possibly the direct source of my contraction while confined in Guadalupe County Jail, because she deals with numerous client

"Amended Complaint"
Case # 5:25-CV-01141-XR
(pg. 4-2 of 19)

here IN Guadalupe County Jail. And if guidelines from the CDC had been followed and enforced of masking and social distancing, and compliance and enforcement, and clear mismanagement on policies of proper employee isolation/quarantine protocols, were enforced on, 8.3.2025, the day I contracted Covid 19 from Nurse Mary. When she entered my Isolated cell F-26 on 8.3.25 at about 11:30 am, to conduct a blood pressure check, due to I being a chronic Illness patient, using the blood pressure machine used in the medical department. Which is when and for which she did not warn me of the existence of Covid 19 on the premises, nor did her OR, any, showings of masking and social distancing, using when she entered my isolated cell, warn me of possible exposure to Covid 19. Immediately after she removed the blood pressure cuff, from my left arm and left out the cell. I immediately became dizzy and my entire left-side of my face became numb. Unbeknownth to what was possibly going on, I decided to lay down to maybe sleep the feeling away. That was impossible. It only got worse and worse, to the point where I had to seek emergency medical attention, due to low-fatigue, flu-like symptoms, Internally hot and externally cold, feeling like I was literally dying, shortness of breath, weak, and unbearable lost of sight and feeling, to my entire left eye. At about 10:50 p In which I began seeking Emergency assistance.

#②Guadalupe County failure to Act #/Enforce: G.C. faile to act according to CDC guidelines and enforce standards, thus contributing to me contracting Covid 19 on 8.3.25, from any

"Amended Complaint"
Case # 5:25-cv-01141-XR

(pg. 4-3 of 19)

person on the premises. Which as a duty to Protect from harm and to Act was Breached due to these short comings of lax prevention Protocols, and CDC promulgated rul

#③ Failure to Implement: Through flagrant disregard to standards and guidelines, promulgated by the CDC. On the day of 8.3.25, the day I contracted Covid 19, these guidelines and standards of masking, social distancing, and Implementing standards and warnings of possible exposures here in Guadalupe County Jail premises, were not complied with or enforced. When there are guidelines and high ranking employees and A Sheriff Joshua Ray, as policymaker, to assure the ability and requirements of compliance, at Guadalupe County Jail.

# ④ Failure to WARN: Guadalupe County was well aware of the existence of Covid 19 on the Premises on 8.3.25 and prior to 8.3.25. In which, I found out by a detention office on 8.8.25. when he told me "your not the first one, Covid is on the premises real bad and been since about last month." Knowing these existence, G.C. failed to warn others or remediat the possible exposure by implementing and enforcing CDC guidelin to make contraction of Covid 19 less likely.

# ⑤ Thus, Guadalupe County Breached it Duty to WARN m of the exposure of a Pandemic disease, its duty to Protect m from harm, afforded under the 14th Amendment, Thus depriving m of my 8th Amendment right to be free from harm and cruel unusual punishment as a pretrial Detainee, in custody at Guadalupe County Adult Detention Center Jail.

"Amended Complaint"
Case #5:25-cv-01141-XR

(pg. 4-4 of 19)

#⑥ Which lead to I filing a grievance on 8.4.2025 and a grievance appeal on 8.12.2025. Grievance # G-25-0412. Both were denied as not a grievance, complaint unfounded, In matters of:

#⑦ Guadalupe County, Texas, Adult Detention Center Medical Malpractice of grossly inadequate evaluations, failures to monitor, and treatment of detainees caused me to be denied, refused, and mistreated with deliberate indifference on 8.3.2025 of proper adequate medical care, when I was exposed to and contracted the Covid 19, and was continuously begging for help and assistance of my sufferings of flu-like symptoms. These deprivations and denials stemmed from the poor and non-existence procedures, lack of training and employing low-level medical personnel, who could not diagnose detainees or make medical assessments. Guadalupe County, Texas policymaker Sheriff Joshua Ray failed to implement new policies and train adequately to provide proper medical care or staff qualified medical personnel, Despite being well aware of the widespread of these failures in which: ① There's an active investigation ongoing of April 2025, in relations to G.C. failures to adequately train, failures to properly evaluate, failures to provide proper medical care that caused a in custody death; ② John dent died in custody on 4.26.2025 due to these failures; ③ There's 2 news Reports and Reports of the in custody deaths of: Mason Tyler Simon, In April 2022 and the in custody death of: John Ryan Taylor in Feb. 2025 died to G.C. failures to provide adequate medical care an

"Amended Complaint"
Case #5:25-cv-01141-XR
(pg. 4-5 of 19)

Failures to Monitor; ④ Chad Levoch also died in custody in Oct. 2022 due to these same failures; ⑤ There's a T.C.J.S Compliance Report regarding these same failures in Aug. 2025; ⑥ Public Records indicate that of June 2025 the department has needs to focus on properly staffing, also a Jail expansion and managing population to provide proper basic needs, All which contribute to the conditions of confinement and/or episodic acts of failures. Which (customs) the widespread of deprivations; ⑦ In which in the beginning of 2025 at a conference, Sheriff Joshua Ray acknowledges the fact and the need, provide more proper staffing, and proper training, to keep the jail, streets, and people safe. He has still not implemented new procedures and staffing and continues to show deliberate indifferences to the unconstitutional conditions of confinements. Thus, being well aware of the need. ⑧ There's also a T.C.J.S Report and investigation that allege, the Jail failed to comply with supervision standards, proper medical screenings, inadequate and unproperly trained staff and failure to administer medication Thus Guadalupe County has also (custom) policy to not administer medication unless a doctor authorizes it. In Which These conditions of confinement of Guadalupe County was the moving force of the conditions of confinement and/or episodic act by RMA Nurse Lupe Perez on 8-3-2025 that caused me to be deprived of my 8th Amendment right, to be free from cruel and unusual punishment and denied me Equal Protection and due Process under the 14th Amendment, to be provided with proper medical

"Amended Complaint
Case # 5:25-cv-01141-XR

(pg. 4-6 of 19)

care and basic needs. Thus, resulted in a Breaching of Guadalupe County, Texas Duty, to I as a pretrial Retainee.

#⑧ Claims against RMA Lupe Perez in her individual and Official Capacity as a low-level medical personnel, (RMA) here at Guadalupe County Adult Detention Center, in Guadalupe County, Texas. Claims as such: Medical Malpractice; denial of my 14th Amendment right to medical care; Negligence; gross negligence; Intentional Infliction of emotional distress; deliberate indifference; cruel and unusual Punishment; failure to monitor; Breach of duty; deprivation of basic needs; Improper use of violent cell; wanton infliction of pain. Narrative in support for these above stated claims against (RMA) Lupe Perez in her individual and official capacity: ON 8.4.2025 at about or around 2 am after being denied and delayed medical assistance, when I began asking for help from suffering flu-like symptoms, and feeling like I was literally dying In which I first told officer Thomas on 8.3.2025 at about 10:50 pm. Nurse Lupe Perez delayed and denied to provide me emergency assistance, adequate medical help, evaluations and test, and treatment on my life and well being. When I'm a long patient of Chronic Illness, and have 1 kidney, which medical Records will verify. After being delayed and denied from about 10:50pm on 8.3.25 until about 2 am on 8.4.25, after repeatedly begging for help and medical assistance. Approximately at 2 am on 8.4.25 during SERT entry, cell check and search, I was extremely weak and fatigued, and as I walked to the door to comply with Cuffings. I must've blacked out, because last thing I knew, I

"Amended Complaint"

Case # 5:25-cv-01141-XR

(pg. 4-7 of 19)

was on the floor, head pounding extremely hard, like it was about to explode. Corporal Cole eventually called for medical. This is when finally after maybe 4 hours RMA Lupe Perez finally arrived. Corporal Cole told Nurse Perez "he was sweating extremely hard, when we came, and he fainted and hit his head on the door and floor, when he attempted to comply with SERT video entry." Nurse Perez ignored everything Corporal Cole told her and with deliberate indifference, Intentionally neglected her duty with gross negligence. Being fully aware that I, as a Chronic Illness patient is at a serious risk of harm. I then myself, repeatedly, begged for her to help me and assist my life from I suffering flu-like symptoms of low fatigue, extremely weak, shaking and the sweats and feeling like I was dying, and to check my head for trauma, As it was feeling like it was about to explode, please help me." She deliberately ignored my pleas and Corporal Cole, and proceeded to deny me assistance and she insisted on it Just being my blood pressure, attempting and pleading the less efficacious. I told her "ma'm this is no blood pressure issue I'm complaining of, I've been a blood pressure patient for 17 years, this is I complaining of flu-like symptoms and feeling like I'm literally about to die." She ignored and denied to hear my complaints, and left right out the cell, leaving me to suffer. She didn't even atleast check my head trauma, when in fact there was a knot on the right side of my head, She left. Breaching her duty as a medical personnel and as law requires, to provide adequate medical care. As I was left on the floor suffering, pain, she again returned and I begged her more to please help me, I'm suffer

"Amended Complaint"
Case # 5:25-cv-01141-XR
(pg. 4-8 of 19)

extreme flu-like symptoms." She then replied with intent to inflict emotional distress and knowingly harsh conditions, upon threatening worser sufferings, and stated "If I was you, I would stop complaining before I threw you in the violent padded cell where conditions or harsh and worse." Sent video recording will prove all of these statements and happenings. I kept complaining and begging for her help and to provide me help. She then briefly spoke with Sgt. Robles and then Sgt. Robles "Said OK, threw him in the violent cell." RMA Lupe Perez, instead helping me with the flu-like symptoms I was suffering, improperly used the violent cell and imposed harsh conditions and cruel and unusual punishment upon myself, Never not once evaluating me for my flu-like symptoms or head trauma. After throwing me in the violent cell, leaving me to suffer, never did she once come check on me, or did she provide me medical care or attention. I was suffering even more due to RMA Perez deliberate indifference to my emergency medical care of flu-like symptoms. There was nothing in the violent cell except a sewer hole in the floor, no source of water, the light stayed on, the entire time, I could not sleep, due to being scared of possibly dying from concussion or the symptoms I was suffering. I pressed the emergency button, requesting medical help, and was continuously denied. The Nurse Perez actions caused me to suffer even more and deprived me of basic need, because I was denied everything accept a mattress on the floor and a blanket. No water, no tissue, no toilet, no shower, no nothing. All becaa I was begging for assistance and help for suffering flu-like symptom

"Amended Complaint"
Case #5:25-cv-01141-XR
(pg. 4-9 of 19)

I never went to sleep throughout the entire, about, 8 hours I was in the violent cell, unconstitutionally. Nurse Perez never once evaluated or tested my life for flu-like symptoms or head trauma. It took for at, about, 11am on 8-4-2025 Nurse Mary to hear my complaint of flu-like symptoms, on the next shift, and she immediately did a Covid test. In which, in fact, I was Covid 19 positive and Covid 19 I was, in fact, suffering from, not the flu, but does compare to flu-like symptoms. Nurse Perez failed, denied, refused, delayed and ignored my pleas and left me to possibly die from, in fact, the life threatening Covid 19 disease. After the positive test Nurse Mary finally provided me with some medication and help that Nurse Perez failed to do, as her duty. I filed a grievance on 8.4.25 and then a grievance appeal on 8.12.25 but was denied as not a grievance and complaint unfound, in grievance #G25-0412. RMA Lupe Perez is also the medical personnel thats not adequate trained. And the low-level medical personnel, that according to that (custom) policy of Guadalupe County, Texas, that does not authorize low-level medical personnel to make assessments or provide medication unless a doctor authorizes it, which is also the moving force behind her conditions of confinement and/or episodic acts that Guadalupe County has a widespread of, that exposes detainees to harm, and death, and inadequate medical care, and monitoring. In which Guadalupe County, Texas policymaker is Sheriff Joshua Ray. Which denies me my right to the 14th Amendment and imposed a violation of my 8th Amendment right with deliberate indifference.

"Amended Complaint"
Case # 5:25-CV-01141-XR
(pg. 4-10 of 19)

#(9) Claims against Sgt. Robles in his individual and official capacity as the Sgt. Officer here at Guadalupe County Adult Detention Center, in Guadalupe County, Texas. Claims as such: deliberate indifference; Intentionally infliction of emotional distress; improper use of a violent cell; cruel and unusual punishment; deprivation of basic needs; Breach of duty; Perjury; aggravated Perjury; conditions of confinement and/or episodic act. Narrative in support for these above stated claims against Sgt. Robles in his individual and Official capacity: On 8.4.2025 at about 2 am, while begging the RMA Lupe Perez for help, to I suffering Flu-like symptoms and sufferings. Sgt. Robles breached his duty, to, as a Sgt. Ranking officer, officiate and assure adequate medical care, under the 14th Amendment. When he assisted RMA Lupe Perez in denying me medical care and not enforcing Jail Standards, as a Sgt. and instruct RMA Perez to perform her duty. Instead, he assisted her in depriving me of my 14th amendment and assisted her with deliberate Indifference, to my serious, obvious, medical needs. And imposed cruel and unusual punishment on my person and mental, when he spoke with her briefly and stated " Throw him in the violent cell." Thus, improperly using the violent cell and depriving me of my 8th amendment right, by imposing harsh conditions with intent, by throwing me in a cell with only a sewer hole in the floor. When I needed medical attention, and care. Sgt. Robles also deprived me of basic needs, when he instructed Officer Tarrases "Not to give me nothing, not even tissue, all he gets is that mattress on the floor and that blanket." Sgt. Robles

"Amended Complaint"
Case #5:25-cv-01141-XR
(pg. 4-11 of 19)

episodic act and/or conditions of confinement stems from that (custom) policy of Guadalupe County failure to provide adequate medical care, failure to monitor and/or supervise, and the deprivation of detainees 8th Amendment to be free from cruel and unusual punishment, That Guadalupe County, Texas has a widespread of, that exposes detainees to harm, death and failures to Protect, As established against Guadalupe County, Texas in the claims against G.C. Texas above. When I filed grievance #G25-0412 in these matters on 8.4.25 Regarding the 8.4.25 Omissions? acts. The grievance was denied and as not a grievance and unfound. Due to Sgt. Robles committing Perjury and Aggravated Perjury, where, as his duty, as Sgt. commanding officer, to do Reports. He falsified statements and stated he affirm as true and correct, when he signed his signature on the false Reports, that he made, to cover for himself and RMA Perez, Which lead to the denial of #G25-0412 grievance, simple based off his false Report and false statements, on documents. He also committed Perjury and Aggravated perjury in this same exact manner in grievance (G250382) #G25-0382. Which also lead to that grievance being denied and as not a grievance, complaint unfound, Solely based off of Sgt. Robles false Reports and false statements, to cover for Officer Thomas (Whom is also a defendant in this case).

#(10) Guadalupe County, Texas has a policy of excessive use of force, promulgated by Policymaker Sheriff Joshua Ray, of Guadalupe County Jail, that was the moving force, when

"Amended Complaint"
Case # 5:25-cv-01141-XR
(pg. 4-12 of 19)

Guadalupe County Adult Detention Center Officer Thomas assaulted me. That caused me to be harmed and deprived of my 14th Amendment rights of due process and Equal Protection from harm. And deprived me of my 8th Amendment rights to free from cruel and unusual punishment and wanton infliction of pain. When his assault caused laceration and bleeding from my left index and left middle finger. His episodic act and/or condition of confinement stemmed from Guadalupe County policy of excessive use of force.

#(11) Claims against Officer Thomas, in his individual and Official Capacity, as a Detention Officer here at Guadalupe County Adult Detention Center, in Guadalupe County, Texas. Claims as such: assault and battery; excessive use of force; cruel and unusual punishment; Intentional Infliction of emotional Distress; deliberate indifference; denial and violation of Equal Protection and due Process; deprivation of phone usage; episodic act and/or condition of confinement. Narrative in Support for these above stated claims against Officer Thomas, in his individual and Official Capacity: On 7-15-2025 at or about 9:16 pm at F-26 cell, while I was using the phone. Officer Thomas for no reason at all, but for deliberate indifference to my Equal Protection as being black. Officer Thomas approached F-26 Isolated cell with, clear, malicious intent to deprive me of phone usage. He wasn't working F-hall or anything, when he approached and asked me "Who are you talking to?" With knowing Officer Thom

"Amended Complaint"
Case # 5:25-cv-01141-XR

(pg. 4-13 of 19)

has a dislike to blacks, I was careful to respond, when I replied politely "Sir, I am on the phone." he then asked "Why you talking to me like that?" I Replied "Sir, I'm not talking to you like nothing, I am on the phone." Still very careful and respectful, not to provoke his racial dislike acts. He then, angerily, threatened to unplug the phone, while I was clearly excercising my right to phone usuage. Then, out of nowhere, without warning for no reason at all, while I was using the phone, he unplugged the phone and without warning started using unnecessary force and began aggressively snatching and pulling on the entire mobile telephone, Simultaveously, so fast without warning, he also snatched my left hand holding the telephone headset through the slot and cause the food tray slot to cut my left index and left middle finger and caused bleeding, In which, I had to recieve medical treatment, from his condition of confinement and/or episodic act. Due to Officer Thomas episodic acts and/or condition of confinement act, when he deprived me of my 14th Amendment Right and deprived me of my 8th Amendment Right. My mental and anxiety, has me so in fear, of what another officer may do to I next and bring harm, I've requested to the Jail Administrator to allow me to remain on Sert video encounters, I do not trust any officer here, I even ask officers "have they done something to my food?" I fear Guadalupe County employees and the usuage of unnecessary use of force, policy. I filed a grievance on 7.15.2025 and a grievance appeal on 7.24.2025, but was denied as not a grievance and complaint unfound, due to Sgt. Robles

"Amended Complaint"
case # 5!25-CV-01141-XR

(pg. 4-14 of 19)

Perjury and falsifying reports to cover for Officer Thomas. (In which Sgt. Robles is a defendant in the case) Officer Thomas had no justified reason to deprive me of phone usuage and none at all, reason, to assault me, causing harm to my left fingers, using unnecessary force, but for Intentional Infliction of emotion distress and his dislike for blacks.

#(12) Claims against Sgt. Johnson in her individual and official capacity as a Sgt. here at G.C.A.D.C in Guadalupe County, Texas. Claims as such: Retaliation; cruel and unusual punishment; Intentional Infliction of emotional distress. Narrative in support of these claims against Sgt. Johnson: On 7.17.2 at about 9:05 am Sgt. Johnson approached and entered F-26 cel. with clear flagrant intent to retaliate, due to I filing the grievance # G25-0382 on 7.15.25 against Officer Thomas, assault, That I submitted no less than 36 hours ago. In which, but for I filing the grievance Sgt. Johnson would not have flagrantly entered F-26 cell using unnecessary force "When she stated submit to shackles, leg restraints." And out of fear, from just being assaulted about 36 hours ago, and the clear premeditated intent to retaliate for my excersing my 1st Amendment right. I did not comply, But not pure disobidience, but in fact, out of fear. Her retaliation ac Resulted in I recieving disciplinary case # D25-0703 on 7.17. and recieving 3 days disciplinary separation, for Not complying. Her episodic act put me even more in fear of Guadalupe County employees. In which I filed a grievance on 7.17.25, grievance

"Amended Complaint"

Case #5:25-cv-01141-XR

(pg. 4-15 of 19)

#G25-0388, in regards to her retaliation, for I excersing My 1st amendment right and which resulted in I recieving a disciplinary, which was an imposing of cruel and unusual punishment #G25-0388 was denied as not a grievance, complaint not found by Sgt. Lerma (whom is a defendant in this case) I was not able to exhaust this grievance #G25-0388 because Sgt. Lerm personally came to F-26 cell, on 7-22-25 at about 12 pm and interfered with me pursuing the grievance, when he stated "Stop filing grievances, in disciplinary matters, I will deny them and the Appeal officer will follow suit." Thus, I did not exhaust, When It's clear I exhaust grievances. The only reason I didn exhaust #G25-0388, Is because Sgt. Lerma Interfered, Thus denied me further access to Courts.

#(13) Claims against Sgt. Lerma in his individual and Official Capacity as the Sgt. grievance officer at G.C.A.D.C in G.C. Texas. Claims as such: Denial of access to Courts; Interfer with grievance, 1st amendment rights; Perjury; Aggravated Perjury. Narrative in support of these claims against Sgt. Lerma. Every grievance that I have submitted, that are for surely with valid and found complaints. Sgt. Lerma has committed Perjury. Falsifying statements of conclusions and not adequately and actually investigating them. In which, he prevents me from being able to access the procedural effects, to file lawsuits in Courts. He is, Knowingly, Knowing my complaints are valid and commits Aggrava Perjury. When he signs his signature, swearing to false statemen on documents, that he is Perjuring on. He has also denied n

"Amended Complaint"
Case # 5:25-cv-01141-XR
(pg. 4 - 16 of 19)

access to the Courts in, In forma Pauperis matters. When he committed Perjury and Aggravated Perjury, when he falsified and signed a grievance # G25-0466 and stated "G.C.A.D.C. Is not required to provide paper printouts." Thus, I was not able to provide a copy of my statutorily-mandated trust account Statement, in my J.F.P. application; in a civil suit. Other grievance he's committed Perjury and Aggravated Perjury also, are as such: grievance #: G25-0412; G25-0382; G25-0328; and G25-0380. In which, he knowingly makes false statements, with intent to cover for officers involved and allege the complaints as invalid. Thus, his episodic acts and deliberate Indifference, has caused me to be denied access to courts and filing of civil suits.

#(14) Claims against Corr health Services in its individual Capacity and its Official Capacity as the health provider Company In contract with Guadalupe County, Texas at Guadalupe County Adult Detention Center. Claims as such: Medical Malpractice; Breach of Duty; failure to train and/or supervise failure to provide adequate medical care. Narrative in Support against Corr Health Services: Corr Health Services has a (custom) policy to not administer medication, unless a docter authors it, and a (custom) policy to not retest after a positive Covid 19 test, to assure negative. The policymaker for Corr health Services is the Cheif director Dr. Nicholas LongNecker. These 2 (customs) policies caused me to be deprived of my 14th Amendment, to adequate medical care. On 2 seperate conditions of Confinement and/or episodic acts. First on 8.4.25 when a low-level RMA Nurse Perez

"Amended Complaint"
case #5:25-cv-01141-XR

(pg. 4-17 of 19)

denied and refused to provide me adequate medical treatment for my sufferings of Covid 19. Due to the policy of Now-level medical personnel, grossly not being able to make medical assessment and not diagnose or provide detainees medication unless a doctor authorizes it. The policymaker failed to implement proper training or supervisory, despite the evidence widespread, exposure to death and denial of medical care. As it's already caused deaths of: John dent in April 2025; Mason Tyler Simon in 2022; John Ryan Taylor, Feb. 2025; Chad Lenoch in Oct. 2022 all due to low-level medical personnel and a grossly inadequate evaluation, monitoring, treatment of detainees. Resulting from poor or non-existence procedures, and proper staffing of adequate personnel. Which caused failures to provide medical care, failures to monitor, and failure to protect, from harm by medical personnel. Within the widespread (customs) policies. Which also causes Cora health Services Breach of Duty, as the medical provider responsible for providing detainees with adequate medical care and protect from harm. Thus, coming short of implementing and compliance with the 14th Amendment and 8th Amendment, creating medical Malpractice and episodic acts, with Guadalupe County, Texas, at Guadalupe County Adult detention Center. The (custom) policy of not retesting to assure negative te after positive Covid 19 test. Has me still unsure if I'm positive, still, or negative. In which I was denied twice to a retest to assure negative. Lastly on 9.18.25, when a facility staff stated "We do not retest after positive." When I requested because I sti suffer from shortness of breath, left eye vision lost and low fatigue.

"Amended Complaint"
Case #5:25-cv-01141-XR

Cont. from (pg. 4)(pg 1-18 of 19)

VI. Relief:

② and compensatory damages of ($750,000.00) and monetary damages of ($1,000,000.00) and damages of ($500,000.00) from Sgt. Robles;

③ and compensatory damages of ($500,000.00) and monetary damages of ($500,000.00) and actual damage of ($500,000.00) from Officer Thomas;

④ and Compensatory damages of ($300,000.00) and nominal damages of ($200,000.00) and punitive damages of ($300,000.00) from Sgt. Johnson;

⑤ and Compensatory damages of ($200,000.00) and monetary damages of ($200,000.00) from Sgt. Lerma;

⑥ and compensatory damages of ($500,000.00) and monetary damages of ($1,000,000.00) and declatory damages of ($800,000.00) and punitive damages of ($500,000.00) and Injunctive Relief of ($500,000.00) and exemplary damages of ($5,000,000.00) from Core Health Service;

⑦ and compensatory damages of ($5,000,000.00) and monetary damages of ($5,000,000.00) and actual damages of ($5,000,000.00) and damages of ($5,000,000.00) and punitive damages of ($5,000,000.00) and Injunctive Relief of ($3,000,000.00) and Declaratory damages of ($3,000,000.00) and exemplary Damages of ($50,000,000.00) from Guadalupe County, Texas;

⑧ and compensatory damages of ($8,000,000.00) and declaratory damages of ($7,000,000.00) and Exemplary damages of ($80,000,000.00) from

(cont.

"Amended Complaint"
Case #5:25-cv-01141-XR

Cont. from (pg. 4) (pg. 4 - 19 of 19)
VI Relief:

from Sheriff Joshua Ray.

C. Has any court ever warned or notified you that sanctions could be imposed?    _____YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _N/A_

   2. Case number: _N/A_

   3. Approximate date warning was issued: _N/A_

Executed on: 11·3·2025
            DATE

Alfred Walsh Jr. SO# 2435203

_____
(Signature of Plaintiff)


## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___3rd___ day of __November__, 20 25 .
            (Day)              (month)        (year)

Alfred Walsh Jr. SO#2435203

_____
(Signature of Plaintiff)


**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

# Guadalupe County Adult Detention Center
## Inmate Grievance Appeal Form

G25-0412

Date: 8.12.25                               Cell: F-26

Inmate Name: Alfred West, JR.              SO#: 2435203

Incident Date: 8.3.25    Time: about 1:00-2:00am during Shift Entry    Location: F-26 G.C.S.O

**Brief summary of Grievance and reason for appeal: (Be Specific)**

On 8/12/25 Sgt. Lerma failed to properly investigate grievance case: G25-0412 and labeled it as not a grievance, complaint unfounded. When on 8.3.25 Nurse Perez clearly, under color of state law deprived me of adequate medical help, assistance, evaluations and tests on my life, and well being. When she refused to and failed to provide adequate testings/evaluations, help and assistance on my life after I repeatedly begged and pleaded for her help and to check me out for flu-like symptoms of I being fatigued, very weak, hot internally, externally cold, sweating, shaking and feeling like I was dying, to help, I was suffering. In which turned out to be Covid a life threatening virus, I was actually suffering from. That Nurse Mary on the next shift came and tested and evaluated after Nurse Perez refused and failed to adequately perform as her duties and as law requires. She also refused and failed to check my head trauma, which a knot was on my right side of my head causing excruciating pains due to I fainting and hitting my head on the door and floor. Blood pressure has nothing to do with Covid, that Nurse Perez failed and refuse to help my life from the sufferings of and possibly could've died from the life threatening virus. She left me suffering and never not once treated me for Covid and held me to suffer. Body cameras, spot video and clinic cameras will prove this. My complaint was flu-like symptoms, Not blood pressure. Which actually was Covid I was suffering from.

Inmate Signature: *Alfred West Jr.*

---

_____'s Action:    Rec'd 8.14.25. Appealed to AJA Martin

_____ Denied       _____ Granted       _____ Other

Appeal reviewed by: _____    Date: _____

## Guadalupe County Adult Detention Center
### Grievance Appeal Disposition

Inmate: West, Alfred Jr.    SO#: 24352-03    Case: G25-0382

Date Received: 7/24/25 _____ Filed 72 hours or less: (YES) / NO

Forwarded to: Lt. Haiyasoso

### Findings:

Complaint unfounded. phone Records and video footage do not support this complaint

Appeal Decision: Not A Grievance.

Signature of reviewer: _____    Date: 8·6·25

You may appeal all decisions of the _____ in writing to the

_____ within 72 hours of the decision.

Each office appealed to shall render a decision on the appeal and respond to the classification officer within a maximum of fifteen (15) working days upon receipt of the appeal. The decision of the Sheriff or designee is final.

02/24/11

Name: Alfred West Jr.
SO#: [illegible]
Guadalupe County Adult Detention Center
2615 N Guadalupe St
Seguin TX 78155

**INDIGENT**

Legal Mail

RECEIVED        Kim

NOV 0 5 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

U.S. MARSHALS
RECEIVED
NOV 0 5 2025
SAN ANTONIO, TX
ENFORCEMENT SECTION

Clerk, U. S. District Court
Western District of Texas
(262) West Nueva Street
San Antonio, Texas (78207)

LEGAL
INDIGENT
MAIL